114 N.J. Super. 450 (1971)
277 A.2d 224
JAMES DUNBAR, PLAINTIFF-APPELLANT,
v.
DAVID B. KELLY, SUPERINTENDENT OF THE DIVISION OF STATE POLICE, DEPARTMENT OF LAW AND PUBLIC SAFETY, STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 26, 1971.
Decided May 4, 1971.
*451 Before Judges LEWIS, MATTHEWS and MINTZ.
Mr. Thomas J. Savage argued the cause for appellant (Mr. Paul R. Williams, Jr., attorney).
Mr. Theodore A. Winard, Deputy Attorney General, argued the cause for respondent (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney).
The opinion of the court was delivered by MATTHEWS, J.A.D.
Plaintiff appeals from an order of the Division of State Police which dropped him from the rolls of the New Jersey State Police, effective April 15, 1970. We are concerned with an interpretation of N.J.S.A. 53:1-8 and 53:1-8.1.
Plaintiff was sworn in as a state policeman for a two-year term on April 15, 1966. On April 15, 1968, he was reappointed for a second two-year period. See N.J.S.A. 53:1-8.
During May 1969 plaintiff apparently committed some errors in connection with the investigation of the murder of two young women whose motor vehicle was found abandoned alongside the Garden State Parkway. The precise nature of the alleged errors and/or omissions is not clear. For the purposes of this appeal, however, we accept the fact that the Division of State Police believed plaintiff in some manner breached approved State Police procedures in connection with the investigation. No charges were ever brought against plaintiff for these alleged breaches of procedure. Instead, at the conclusion of the second two-year term he was advised he was not to be reappointed.
*452 The two statutes involved here provide for the appointment and removal of officers in the State Police and for the granting of tenure of state policemen. They read as follows:
N.J.S.A. 53:1-8
All the officers and troopers enumerated in section 53:1-5 of this title shall be appointed or reappointed by the superintendent for a period of two years, and shall be removable by him after charges have been preferred and a hearing granted. Any one so removed from the state police for cause after a hearing shall be ineligible for reappointment.
N.J.S.A. 53:1-8.1
Any member of the department of state police who has or shall hereafter serve continuously as such member for a period of five years shall thereafter continue in such membership during good behavior.
The term "member" as used in this section shall be taken to mean and include all officers and men of the state police except the superintendent, whose term is fixed by law.
Plaintiff argues that a proper interpretation of N.J.S.A. 53:1-8 guarantees every State Police officer the right to a preference of charges against him and a hearing prior to his removal. In short, plaintiff would have us interpret the provisions of the statute as requiring a hearing in all cases where the Superintendent of State Police determines not to reappoint a state policeman at the termination of his first or second two-year term.
The State contends that in situations where the Superintendent fails to reappoint an officer when his first or second two-year term has expired, the officer has not been "removed" since the statute does not compel the Superintendent to reappoint. As a corollary, the State contends that an officer may in such cases be dismissed without a hearing.
N.J.S.A. 53:1-8 provides for the appointment, reappointment and removal of the officers and troopers in the State Police service. N.J.S.A. 53:1-8.1 provides for the granting of tenure to members of the State Police. It is apparent *453 that the Legislature intended to give the Superintendent a great deal of flexibility and reasonably unrestricted control in his preliminary evaluation of the members of the State Police force. Thus, the act provides the protection of charges, an opportunity for a hearing and a determination of cause prior to a removal during the two-year period after the first appointment, during the two-year period after his reappointment, if he is reappointed after his second anniversary, and during the one-year period after a second reappointment on his fourth anniversary, until he qualifies for statutory tenure under N.J.S.A. 53:1-8.1. To accept plaintiff's argument that the Superintendent must prefer charges, grant a hearing, and show cause prior to the denial of a reappointment on the second or fourth anniversary of enlistment would have the effect of granting tenure on a first or second enlistment. This, in our opinion, would be contrary to the clearly expressed legislative intent. Cf. Zimmerman v. Board of Education, Newark, 38 N.J. 65, 75 (1962).
We conclude that there is no obligation on the part of the Superintendent to reemploy a State Police officer or trooper at the completion of either his first or second two-year term. At the end of each of the first and second two-year periods the employment expires unless the trooper is reemployed by the Superintendent. In the absence of express legislation to the contrary, we find no obligation on the Superintendent to reappoint after the expiration of the first or second two-year period. The reasons for failing to reappoint at the end of such periods are irrelevant, since we find that the Legislature has granted complete discretion in the Superintendent to determine a trooper's suitability for permanent employment.
The determination of the Division of State Police is affirmed.